AO 245B (Rev. 09/11)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Alexandria Division

FILED
IN OPEN COURT

AUG – 4 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA

v.

ABEL AMBROCIO

Defendant.

Case Number: 1:20-CR-135

USM Number: 01871-509

Defendant's Attorney: Kevin Wilson, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 and 2 of the Indictment.

Accordingly, the defendant is adjudicated guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. § 2251(a) & (e) | Production of Child Pornography | Felony | 2-2019 | 1 |
| 18 U.S.C. § 2251(a) & (e) | Production of Child Pornography | Felony | 2-2019 | 2 |

As pronounced on August 4th, 2021, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this ____4ᵗʰ____ day of ____August____, 2021.

_____/s/_____

Anthony J. Trenga
United States District Judge

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

| | |
|---|---|
| **Defendant's Name:** | **AMBROCIO, ABEL** |
| **Case Number:** | **1:20-CR-135** |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWO HUNDRED AND SIXTY-FOUR (264) MONTHS.  This term of imprisonment consists of a term of TWO HUNDRED AND SIXTY-FOUR (264) MONTHS on Count 1 and a term of TWO HUNDRED AND SIXTY-FOUR (264) MONTHS on Count 2, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this Judgment.

_____

UNITED STATES MARSHAL

By        _____

DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3 – Supervised Release

| | |
|---|---|
| Defendant's Name: | **AMBROCIO, ABEL** |
| Case Number: | **1:20-CR-135** |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of LIFE.  This term consists of a term of LIFE on Count 1 and a term of LIFE on Count 2, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the  probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A – Supervised Release

| | |
|---|---|
| **Defendant's Name:** | AMBROCIO, ABEL |
| **Case Number:** | 1:20-CR-135 |

# SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) Upon completion of his sentence, the defendant is to be surrendered to a duly authorized immigration official of the Department of Homeland Security Bureau of Immigration and Customs Enforcement for deportation, in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq.

2) If ordered deported, the defendant shall remain outside of the United States and not return without the express written consent of the United States Attorney General and the Secretary of the Department of Homeland Security.

3) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law as directed by the probation officer.

4) Pursuant to the Adam Walsh Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervision, upon prior notification to and approval by the court or with a warrant.

5) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

6) The defendant shall submit to any testing or assessments deemed necessary by the sex offender treatment program as part of his sexual offender therapeutic treatment. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

7) The defendant shall not engage in employment or volunteer services that allow him access to computers or minors.

8) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

9) The defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any internet service providers, bulletin board systems, or any other public or private computer network.

10) The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall consent to the installation of computer monitoring software

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A – Supervised Release

| Defendant's Name: | AMBROCIO, ABEL |
|---|---|
| Case Number: | 1:20-CR-135 |

on any computer or internet capable device to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall not remove, temper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.

11) The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.

12) The defendant shall provide the probation officer access to any requested financial information.

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

| Defendant's Name: | **AMBROCIO, ABEL** |
|---|---|
| Case Number: | **1:20-CR-135** |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | 1 | $100.00 | $0.00 | TBD |
| | 2 | $100.00 | $0.00 | TBD |
| **TOTALS:** | | **$200.00** | **$0.00** | **TBD** |

## FINES

No fines have been imposed in this case.

## RESTITUTION

TBD.

AO 245B (Rev. 09/11) (VAED rev. 2) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

| | |
|---|---|
| **Defendant's Name:** | **AMBROCIO, ABEL** |
| **Case Number:** | **1:20-CR-135** |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.